TONY WEST
Assistant Attorney General
MELINDA L. HAAG
United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
R. SCOTT BLAZE
Senior Admiralty Counsel
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Bldg., P.O. Box 36028
450 Golden Gate Avenue
San Francisco, California 94102-3463
Telephone: (415) 436-6635
E-mail: scott.blaze@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Civil No. |
|---|---|
| Plaintiff, | ) CV 11 Admiralty 5365 |
| v. | ) |
| STANWOOD L. MURPHY, *in personam*, | ) VERIFIED COMPLAINT OF THE UNITED STATES |
| Defendant. | ) |

Plaintiff, the United States of America, alleges upon information and belief as follows:

**GENERAL ALLEGATIONS**

1. This is a case of admiralty and maritime jurisdiction against defendant STANWOOD L. MURPHY, JR. (hereinafter sometimes "Murphy"), an individual, *in personam*, as hereinafter more fully appears, and within Rule 9(h) of the Federal Rules of Civil Procedure.

2. The United States is authorized to bring this suit pursuant to 28 U.S.C. § 1345, 33 U.S.C. §§ 1321 and 2717.

VERIFIED COMPLAINT OF THE
UNITED STATES OF AMERICA                               1

3. Venue is properly in this Court pursuant to 28 U.S.C. §§ 1391 and 1395, and 33 U.S.C. § 2717.

4. The United States also brings this action on behalf of the Oil Spill Liability Trust Fund (hereafter "Fund"), pursuant to the Oil Pollution Act of 1990 (OPA), 33 U.S.C. § 2701, *et seq.*, to recover any and all removal costs and damages incurred directly by the Fund, any removal costs and damages incurred by the Fund through compensation paid to any claimant, and all costs incurred by the Fund by reason of any such claims, including interest, prejudgment interest, adjudicative costs, and attorney's fees. Pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2712(f), the United States has acquired by subrogation, or may in the future acquire by subrogation, the rights of any claimant or State paid compensation from the Fund, and the United States specifically reserves the right to amend this verified complaint to assert any or all such subrogated rights and claims.

5. At all times material herein, F/V ALLEN CODY (hereinafter sometimes CODY) was a vessel, *inter alia*, owned and operated in the United States and at all material times is or will be during the pendency of this action within the jurisdiction of this Court.

6. Defendant MURPHY, pursuant to information or belief, had, and continues to have, places of business and was doing business, and continues to do business, within this district and within the jurisdiction of this Court, including, but not limited to, ownership and operation of the CODY.

7. At all times material herein, defendant MURPHY owned the F/V ALLEN CODY.

8. At all times material herein, defendant MURPHY operated the F/V CODY ALLEN.

9. At all times material herein, defendant MURPHY managed the F/V ALLEN CODY.

10. At all times material herein, defendant MURPHY chartered the F/V ALLEN CODY.

VERIFIED COMPLAINT OF THE
UNITED STATES OF AMERICA 2

11. At all times material herein, defendant MURPHY controlled the F/V ALLEN CODY.

12. At all times material herein, and by reason of the matters alleged in this complaint, defendant MURPHY is a "responsible party" within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq.*

13. At all times material herein, and by reason of the matters alleged in this complaint, defendant MURPHY was a "responsible party" within the meaning of CERCLA, 42 U.S.C. § 9601, *et seq.*

14. Defendant MURPHY, as well as other persons or entities whose identities are not yet known, were at all material times, and pursuant to information or belief, acting as agents and alter egos of each other with respect to the matters alleged in this complaint and action, including, but not limited to as may be applicable, by and through, *inter alia*, their respective ownership, operation, management, charter, and control of the CODY.

15. The United States reserves the right to amend this verified complaint when further information becomes known concerning the identities of such other person or entities who may be responsible for the debts and liabilities of defendant STANWOOD L. MURPHY, JR.

**THE INCIDENT AND FEDERALIZATION OF RESPONSE**

16. The CODY was at all material times herein moored in waters of the United States alongside a pier in Humboldt Bay California.

17. On September 13, 2008, United States Coast Guard (USCG) Group Humboldt Bay was notified that the CODY had sunk in the waters of Humboldt Bay, California while moored to a dock operated by Humboldt Bay Forest Products, Inc., a corporation of which defendant Murphy was president. Upon arrival at the dock, USCG responders observed and confirmed the CODY was discharging oil into Humboldt Bay.

18. Defendant Murphy accepted responsibility for the oil spill and pledged to hire response contractors to clean up the spill. He submitted a salvage plan to the USCG whereby

1  his contractors would raise the vessel, remove the oil and clean up the spill. However, the contractors were unsuccessful in raising the vessel.

19. The Federal Onsite Coordinator ("FOSC) determined that the vessel had sunk in 30 - 50 feet of water, and was actually discharging oil into the navigable waters of the Humboldt Bay. The FOSC also determined that the vessel was leaking more fuel and oil than initially anticipated and accordingly posed a substantial threat of additional discharges of oil and fuel, and possibly other hazardous substances.

20. On September 17, 2008, the Coast Guard FOSC's representative decided to open Fund to fund the response, intending to only fund the pump-out of the sunken vessel's fuel tanks. Murphy agreed to continue funding the salvage operations.

21 After Murphy's salvors eventually raised the CODY, 1,766 gallons of fuel and oil were removed from the vessel. During pumping operations, divers had suctioned 372 gallons of fuel and oil from the sunken vessel's tanks.

22. Defendant Murphy assured the USCG he would fund the salvage costs; however, he did not, alleging an inability to do so. As a result, the contractors filed claims with the NPFC for unpaid removal and salvage costs. In addition, the USCG incurred removal costs. Such claims paid and removal costs are in excess of $222,754.31.

23. On June 30, 2009, defendant Murphy agreed to pay the cleanup and salvage costs through a payment plan. He further executed a stipulation and confession of judgment note requiring him to pay these debts in thirty-five equal payments. Part of the agreement provided that in the event of default, defendant Murphy agreed to confess judgment for any outstanding unpaid amounts.

24. Defendant Murphy defaulted on this agreement without ever making a single payment. Therefore, Murphy owes the entire amount.

25. The immediate and substantial threat of discharge of oil and hazardous substances from the CODY, as heretofore described, was proximately caused by, *inter alia*, acts, omissions, and strict liability of the vessel's owners, crew, agents, servants, employees,

VERIFIED COMPLAINT OF THE
UNITED STATES OF AMERICA                    4

operators, and others for whom defendants were responsible, the unseaworthiness of the vessel, and the breach of federal safety and operating regulations, all within the privity and knowledge of the defendants.

26. Other than the civil penalty action asserted pursuant to the Sixth Cause of Action of this complaint herein, the complaint of the United States does not presently assert claims for other civil penalties for this incident and is wholly without prejudice to the rights of the United States, whether by separate complaint or amendment of this complaint, or otherwise, to assert such additional civil penalty claims following discovery when they become known with greater certainty.

27. The complaint of the United States herein does not presently assert claims for natural resource damages and is wholly without prejudice to the rights of the United States, whether by separate complaint or amendment of this complaint, or otherwise, to assert such claims for natural resource damages.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST STANDWOOD A. MURPHY, JR.

28. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this complaint.

29. Pursuant to Stipulation and Confess-Judgment Note on FPN A08033 defendant Murphy agreed to pay the USCG the total amount for cleanup costs and claims paid by the Fund.

30. Despite the Stipulation and Confess-Judgment Note, defendant Murphy failed to make any payments whatsoever with respect to the debt owed to the USCG.

31. In addition, by terms of the above mentioned Stipulation, defendant Murphy agreed to confess judgment against him in event of default, which has occurred.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST STANWOOD A. MURPHY, JR. (OIL POLLUTION ACT OF 1990)

32. Pursuant to the OPA, each responsible party for a vessel from which oil is

discharged, or which poses the substantial threat of discharge, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone of the United States, is strictly liable for all costs, damages, and/or disbursements specified in the Act.

33. Under the circumstances herein, defendant MURPHY is liable to the United States of America, without limitation, for all the aforesaid costs, damages, and/or disbursements sustained by the United States as a result of the OPA incidents described herein.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST STANWOOD A. MURPHY, JR. (OIL POLLUTION ACT OF 1990)

33. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this complaint.

34. Pursuant to the OPA, the Fund shall be subrogated to all rights, claims and causes of action of claimants to whom it has paid compensation.

35. As a result of the OPA incidents described herein, the Fund may incur costs, damages, and/or disbursements by reason of claims for removal costs and damages brought against it under the OPA.

36. Pursuant to the OPA, defendant MURPHY is liable to the United States of America for all such costs, damages, and/or disbursements which may be sustained by the Fund.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST STANWOOD A. MURPHY, JR. (OIL POLLUTION ACT OF 1990)

37. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

38. Pursuant to the OPA, 33 U.S.C. § 2717(f)(2), the United States is entitled to, and hereby seeks, a declaratory judgment that is binding in any subsequent action or actions against defendant MURPHY that said defendant is liable for removal costs and damages in any such subsequent action or actions.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST
STANWOOD A. MURPHY, JR., *IN PERSONAM*
(CERCLA, 42 U.S.C. § 9601, et seq.)**

39. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this complaint.

40. Pursuant to CERCLA, a vessel, and, inter alia, the owner and operator of a vessel from which hazardous substances are released, or which pose the substantial threat of release, into the environment and/or navigable waters of the United States, as such terms are defined at 42 U.S.C. § 9601(25) and authorized by Section 104 of CERCLA, 42 U.S.C. § 9604, are strictly liable for all costs, damages, and/or disbursements specified in the Act.

41. STANWOOD A MURPHY, JR., *in personam*, is liable to the United States by virtue of Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all response costs incurred and to be incurred by the United States in connection with the abatement of the imminent and substantial threat of discharge.

**AS AND FOR A SIXTH CAUSE OF ACTION AS AGAINST
STANWOOD A. MURPHY, JR.
(CLEAN WATER ACT, 33 U.S.C. § 1321(b)(7))**

42. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this complaint.

43. Pursuant to the Clean Water Act, 33 U.S.C. § 1321(b)(7), as amended by the Oil Pollution Act of 1990, defendant MURPHY is subject to civil penalties in amounts to be determined at trial.

**AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST
STANWOOD A. MURPHY, JR.
(28 U.S.C. § 3001, et seq.)**

44. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this complaint.

45. Despite the liability, including strict liability, of defendant to the United States, all as alleged in this verified Complaint, on information and belief defendant, MURPHY, in breach of law, including, but not limited to, in violation of the provisions of the Federal Debt

VERIFIED COMPLAINT OF THE
UNITED STATES OF AMERICA                               7

Collection Procedures Act, 28 U.S.C. § 3001, et seq., have, inter alia, instead of discharging debts owed to the United States, transferred, sold, spun off, and assigned assets so as to prejudice and cause irreparable harm to the United States.

46.     Despite the liability, including strict liability, of defendants to the United States, all as alleged in this verified complaint, on information and belief defendant MURPHY, in breach of law, may hereafter transfer, sell, spin off, and assign, or attempt to transfer, sell, spin off, and assign their assets, including real property, so as to prejudice and cause irreparable harm to the United States.

47.     All such prior and future actions as alleged in the foregoing paragraphs have caused damages, and will cause damages, to the United States in an amount to be established according to proof at trial.

48.     All such future actions as alleged in the foregoing paragraphs will continue to cause irreparable harm to the United States. As a result of the foregoing, defendant MURPHY shall, pursuant to law and statute, be enjoined from further transferring, selling, spinning off, and assigning, or attempting to transfer, sell, spin off, and assign, their assets, including real property, so as to prejudice and cause irreparable harm to the United States.

**AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST
STANWOOD A. MURPHY, JR.
PRIORITY OF GOVERNMENT CLAIMS
(31 U.S.C. § 3713)**

49.     Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this complaint.

50.     Despite the liability, including strict liability, of defendants to the United States, all as alleged in this verified Complaint, on information and belief defendant MURPHY, in breach of law, have, instead of discharging debts owed to the United States, transferred, sold, spun off, and assigned assets so as to prejudice and cause irreparable harm to the United States.

51.     Despite the liability, including strict liability, of defendants to the United

UNITED STATES OF AMERICA                                    8

States, all as alleged in this verified complaint, on information and belief defendant MURPHY, in breach of law, including, but not limited to, may hereafter transfer, sell, spin off, and assign, or attempt to transfer, sell, spin off, and assign their assets, including proceeds of insurance, so as to prejudice and cause irreparable harm to the United States.

52. All such prior and future actions as alleged in the foregoing paragraphs have caused damages, and will cause damages, to the United States in an amount to be established according to proof at trial.

53. All such future actions as alleged in the foregoing paragraphs will continue to cause irreparable harm to the United States. Pursuant to law and statute, defendant MURPHY, his, servants, employees, representatives, agents, fiduciaries, or other individuals and entities acting on his behalf or with their authorization, are required to discharge their foregoing debt to the United States prior to discharging any other debt or payment.

54. To the extent that defendant MURPHY, and/or his servants, employees, representatives, agents, fiduciaries, or other individuals and entities acting on his behalf or with his authorization, have discharged claims or debts to any other person or entity other than the United States, or in the future discharge claims or debts to any person or entity other than the United States in contravention of, inter alia, 31 U.S.C. § 3713, defendant MURPHY, and/or his officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities acting on his behalf or with his authorization, are liable to the United States for the amount of any such payments.

55. With respect to any payments in contravention of 31 U.S.C. § 3713, and pursuant to 31 U.S.C. § 3713(b), any and all officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities making such payments are personally liable to the United States for the amount of any such payments.

56. The United States shall amend this complaint to add as defendants, in their individual capacity, any and all officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities who, in contravention of 31 U.S.C. § 3713(a) and

VERIFIED COMPLAINT OF THE
UNITED STATES OF AMERICA                9

(b), have already discharged, or in the future discharge, claims or debts to any person or entity other than the United States.

**WHEREFORE**, the United States of America prays as follows:

1. That United States of America be granted judgment against STANWOOD A. MURPHY, *in personam*, pursuant to the complaint of the United States herein;

2. That United States of America be granted judgment against STANWOOD A. MURPHY, *in personam*, pursuant to the Stipulation and Confess-Judgment Note executed by the defendant, Murphy and set out in the First Cause of Action herein.

3. That the United States of America be granted declaratory judgment against STANWOOD A. MURPHY, *in personam*, for removal costs or damages binding on any subsequent action or actions to recover further removal costs or damages, plus interest, costs, disbursements, and attorneys fees;

4. That the United States have constructive trusts as and against any and all assets of the Defendant, said constructive trusts being available to satisfy the amounts due and owing to the United States pursuant to the matters alleged in this complaint;

5. The United States expressly reserves the right to amend this complaint to add parties and/or causes of action, as may be necessary;

//
//
//
//
//
//
//
//
//
//

6.    That judgment be granted in favor of the United States in an amount at least $222,754.31, or such amount as may be found after the trial in this matter.

7.    For such other relief as the Court deems just and proper in the premises.

Dated: November __4__, 2011.

TONY WEST
Assistant Attorney General
MELINDA L. HAAG
United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division

_/s/ R. Scott Blaze_
R. SCOTT BLAZE
Senior Admiralty Counsel
Torts Branch, Civil Division
U.S. Department of Justice

Attorneys for Defendant
United States of America

Of Counsel

THOMAS H. VAN HORN
National Pollution Funds Center
United States Coast Guard

Attorneys for Plaintiff
United States of America

VERIFIED COMPLAINT OF THE
UNITED STATES OF AMERICA
11

## VERIFICATION

R. Scott Blaze says:

I am one of the attorneys for plaintiff, United States of America, herein, and make this verification by authority for and on its behalf; I have read the foregoing Complaint, know the contents thereof, and from information officially furnished to me believe the same to be true.

I verify under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

DATED: November 4, 2011.

_____
R. SCOTT BLAZE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November __4__, 2011, I served by first-class mail, postage prepaid, a copy of the foregoing VERIFIED COMPLAINT OF THE UNITED STATES OF AMERICA on:

Stanwood A. Murphy
P.O. Box 149
Fortuna, CA 95540

_____
BONNIE LI

VERIFIED COMPLAINT OF THE
UNITED STATES OF AMERICA                    13